| | |
|---|---|
| 1 | Robert L. Shipley, CA State Bar No. 109420 |
| | rshipley@shipleylaw.com |
| 2 | Brandon S. Gray, CA State Bar No. 279881 |
| | bgray@shipleylaw.com |
| 3 | ROBERT L. SHIPLEY, APLC |
| 4 | 2784 Gateway Road, Suite 104 |
| | Carlsbad, CA 92009 |
| 5 | Telephone: 1.760.438.5199 |
| 6 | Attorneys for Defendant |
| 7 | ABC Phones of North Carolina, Inc. dba Victra |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| **LUIS PANDURO**, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**ABC PHONES OF NORTH CAROLINA, INC. dba VICTRA** a North Carolina Corporation; **VERIZON,** an unknown entity; and **DOES 1 to 100,** inclusive,<br><br>Defendants. | Case No. 8:20-cv-00742<br><br>**DEFENDANT ABC PHONES OF NORTH CAROLINA, INC. DBA VICTRA'S NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT**<br><br>**[CLASS ACTION]**<br><br>[*Filed concurrently with Defendant's Civil Case Cover Sheet; Declaration of Adam Reed and Declaration of Robert L. Shipley*]<br><br>State Court Case No. 30-2020-01136373-OE-CXC<br>State Action Filed: March 4, 2020<br>State Action Served: March 16, 2020 |

0

DEFENDANT ABC PHONES' NOTICE OF REMOVAL

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant ABC Phones of North Carolina, Inc. dba Victra ("ABC Phones" or "Defendant"), contemporaneously with the filing of this Notice, hereby effects removal of the below referenced action from the Superior Court in the State of California, County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice, Defendant states as follows:

## FACTUAL BACKGROUND

1. **Complaint.** On or around March 4, 2020, Plaintiff Luis Panduro ("Plaintiff") commenced a putative class action case against Defendant, Case No. 30-2020-01136373-OE-CXC, *Panduro v. ABC Phones of North Carolina, Inc. et al*, in the Superior Court of California, County of Orange. In his Complaint, Plaintiff alleges claims for: (1)Failure to Pay Wages Under the FLSA; (2) Failure to Pay Overtime; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Failure to Provide Accurate Itemized Wage Statements; (6) Failure to Pay Wages For Hours Worked; (7) Failure to Pay Wages Due and Payable Twice Monthly; (8) Failure to Reimburse Business Expenses; (9) Failure to Pay Wages on Termination; and (10) Unlawful Competition and Unlawful Business Practices. See generally Complaint

("Compl.) attached as **Exhibit "1"** to the Declaration of Robert L. Shipley ("Shipley Decl.") filed concurrently herewith.

2. **Papers Served to Date**. On March 16, 2020, Defendant received service of process of the Complaint. Shipley Decl. ¶ 3. Attached to the Shipley Declaration is the Complaint (**Exhibit "1"**). *Id.* ¶ 4. On April 13, 2020, Defendant filed its Answer by way of General Denial and Affirmative Defenses to the Complaint (attached hereto as **Exhibit "2". Exhibits "1" through "2"** constitute all process, pleadings, and orders served on and/or by Defendant.) *Id.* ¶ 6.

## FEDERAL QUESTION JURISDICTION

3. This Court has subject matter jurisdiction over Plaintiff's claims because Plaintiff has alleged a claim arising under the law of the United States—Federal Question jurisdiction. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Specifically, Plaintiff's first claim arises pursuant to the FLSA, codified at 29 U.S.C. § 203 et seq., which appears on the face of Plaintiff's Complaint. *See Gully v. First National Bank in Meridian*, 299 U.S. 109, 113 (1936)(Stating that the federal question "must be disclosed on upon the face of the complaint, unaided by the answer.")

4. This Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a), which provides "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction

over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) (diversity) and (c) (discretion to decline). Each of Plaintiff's other claims arise as a result of Plaintiff's employment relationship with Defendant ABC Phones.

**DIVERSITY OF CITIZENSHIP JURISDICTION**

5. This Court also has original subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1332(d)(2) and 1441(a) because it is a civil action between citizens of different states, in which the amount in controversy exceeds $5 Million, exclusive of interest and costs.

**Diversity of Citizenship Is Met**

6. **Plaintiffs' Citizenship.** Plaintiff alleges that he "was and is a resident of California." Compl. ¶ 5. Defendant believes, consistent with Plaintiff's allegations, that Plaintiff was at the time of the filing of the Complaint, and remains at the time of this removal, a citizen of California.

7. **Defendants' Citizenship**. Defendant ABC Phones is a corporation organized under the laws of North Carolina with its principal place of business in North Carolina. *See* Declaration of Adam Reed ("Reed Decl.") ¶ 2. Its principal place of business, headquarters, and center of direction, control, and coordination are also located in North Carolina. *Ibid.* Defendant ABC Phones' corporate decisions are made

in North Carolina, including its operational, executive, administrative, and policymaking decisions. *Ibid.* The majority of Defendant ABC Phones' executive officers conduct their business in North Carolina. *Ibid* at ¶ 3. The majority of administrative functions crucial to Defendant ABC Phones' day-to-day operations are conducted in North Carolina. *Ibid.* The respective officers responsible for developing policies and protocols for Defendant ABC Phones' nationwide operations are in Raleigh, North Carolina. *Ibid.* Accordingly, Defendant ABC Phones is a citizen of the state of North Carolina, not California.

8. Plaintiff has not provided sufficient information to ascertain the entity form, and therefore citizenship, of the party alleged at Paragraph 8 of Plaintiff's Complaint to be "Verizon" an "unknown business entity." The entity identified as Verizon has not appeared in the action, neither has a Proof of Service been filed.

9. The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.*

10. The diversity requirements of 28 U.S.C §§ 1332(a) are met given that Plaintiffs are citizens of California and Defendant is a citizen of North Carolina.[1]

---

[1] The citizenships of the Doe Defendants are irrelevant to the diversity of citizenship analysis. Because they are unidentified, the Court and the Parties have no information

**The Amount in Controversy Is Met**

11.     **Amount in Controversy Exceeds $5 Million**.  Plaintiff did not disclose in his putative class action Complaint the amount of damages he seeks. At the time of removal, however, Defendant contends the amount in controversy in this action exceeds $5 Million, exclusive of interest and costs. Generally, "notice of removability…is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The calculation of the amount in controversy may include common law and statutory damages, exemplary, and punitive damages, attorneys' fees when authorized by statute, and back pay. *Guglielmino*, 506 F.3d at 700-701. "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (2018).

12.     Defendant alleges that the amount in controversy exceeds the jurisdictional threshold for the following reasons:

a.     Plaintiff defines the putative class in his Complaint as "[a]ll persons who are employed or have been employed by Defendants in the State of

---

as to who they are or where they live. Thus, it is proper for the Court to disregard them. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

    California who, during any time from four years prior to the filing of this class action to the present, have worked as non-exempt Sales Associate employees." *See* Compl. ¶ 25.

  b. Plaintiff prays for, among other things, money damages, punitive damages, and attorneys' fees. *See* Compl., Prayer. Statutory attorneys' fees are properly considered in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

  c. Plaintiff "estimates there are at least several hundred Class Members, and possibly several thousand." *See* Compl. at ¶ 28.

  d. Defendant estimates that it has employed approximately 4000 employees during the time period covered by Plaintiff's Complaint. *See* Declaration of Adam Reed at ¶ 4.

  13. At 1000 putative class members, Plaintiff would need to recover approximately $5000 per employee to meet the amount in controversy threshold. At 4000 putative class members, individual recoveries would go down to around $1250. This per-employee figure is significantly reduced when attorneys' fees and potential punitive damages are factored into the calculus. Given Plaintiffs' allegations of off-the-clock work, unpaid overtime, untimely wage payments, and meal and rest break violations, Defendant plausibly alleges that the amount in controversy exceeds $5 Million. In the event Plaintiff disputes Defendant's plausible allegation, Defendant

reserves its right to produce evidence in support of its allegation. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)("Of course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations.").

14. Defendant denies Plaintiff's substantive allegations and denies causing him or any putative class member any damage. Nonetheless, the right of removal is based on the amount *at issue* in the lawsuit, and Plaintiff, by his claims, seeks more than $5 Million, satisfying the amount in controversy requirement.

## PROCEDURAL MATTERS

15. **Removal is Timely**.  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Here, Defendant did not receive any pleading, motion, or other paper from which it could ascertain that Plaintiff seeks damages exceeding $5 Million. Shipley Decl. ¶ 3. Even Plaintiff's Complaint, served on March 16, 2020, does not expressly disclose the amount Plaintiff seeks to recover. Accordingly, Defendant's thirty-day deadline to file a Notice of Removal began to run, at the absolute earliest, on March 16, 2020, and therefore expires on April 15, 2020.

16. Because this Notice of Removal is being filed on or prior to April 15, 2020, it is timely.

17.  **Removal to Proper Court.**  This Court is part of the "district and division embracing the place where" Plaintiff's state court action was filed, which is Orange County, California.  28 U.S.C. § 1446(a).  Accordingly, removal to this Court is proper.

18.  **Venue**.  Venue is proper in this Action under 28 U.S.C § 1391(b)(2) because a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in Orange County, California, given that Plaintiff filed his action in the Superior Court in Orange County, California.  *See* Compl.

19.  **Filing and Service**.  A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of Orange, and is being served on all counsel of record, consistent with 28 U.S.C. §1446(d). The Superior Court of the State of California for the County of Orange is located within this district. Pursuant to 28 U.S.C. §1446(d), Defendant is also filing in the Superior Court for the County of Orange and serving upon Plaintiff a separate document entitled "Notice of Filing of Notice of Removal to Federal Court."

20.  **Non-Waiver of Claims**.  By removing this action to this Court, Defendant does not waive any defenses available to it, including but not limited to, defenses based on defects in or inadequacy of service of process and/or lack of personal jurisdiction.

21.  **Pleadings and Process**.  In compliance with 28 U.S.C. §1446(a), a "copy of all process, pleadings, and order served upon" Defendant prior to the filing of this

Notice of Removal are attached to the Shipley Declaration, collectively as **Exhibits "1" through "2"**.

22.   WHEREFORE, Defendant respectfully requests that this action be removed in its entirety from the California Superior Court for the County of Orange to this Court pursuant to 28 U.S.C. §1441. A Notice of Notice of Removal will be filed with the California Superior Court.

Dated:  April 15, 2020

ROBERT L. SHIPLEY, APLC

By: /s/ *Robert L. Shipley*_____
Robert L. Shipley
rshipley@shipleylaw.com
Brandon S. Gray
bgray@shipleylaw.com
Attorneys for Defendant
ABC PHONES OF NORTH CAROLINA, INC. dba Victra

# CERTIFICATE OF SERVICE

I, Robert L. Shipley, an attorney admitted to practice before this Court, do hereby certify that on April 15, 2020, I caused a copy of the foregoing **DEFENDANT ABC Phones Of North Carolina, Inc. DBA Victra's Notice of Removal** to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

ROBERT L. SHIPLEY, APLC

Dated:  April 15, 2020

By:   /s/ *Robert L. Shipley*
Robert L. Shipley
rshipley@shipleylaw.com
Brandon S. Gray
bgray@shipleylaw.com
Attorney for Defendant
ABC PHONES OF NORTH CAROLINA, INC. dba VICTRA